IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| Acerus Pharmaceuticals Corporation, *et al.,* | Case No. 23-10111 (MFW) |
| Debtors in a foreign proceeding.[1] | (Jointly Administered)<br>Re: D.I. 4 |

**ORDER GRANTING VERIFIED PETITION
FOR (I) RECOGNITION OF FOREIGN
MAIN PROCEEDINGS, (II) RECOGNITION OF
FOREIGN REPRESENTATIVE, (III) RECOGNITION OF
INITIAL ORDER AND AMENDED AND RESTATED INITIAL ORDER,
AND (IV) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Upon consideration of the *Verified Petition for (I) Recognition of Foreign Main Proceedings (II) Recognition of Foreign Representative, (III) Recognition of Initial Order and Amended and Restated Initial Order, and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 4] (together with the chapter 15 petitions filed for each of the Debtors, the "**Petitions for Recognition**"), the Manzoor Declaration, the Nicholson Declaration, and the Provisional Relief Motion (together with the Petitions for Recognition, the Manzoor Declaration, and the Nicholson Declaration, the "**Chapter 15 Pleadings**"), each filed January 29, 2023, by or on behalf of the Foreign Representative, Acerus Pharmaceuticals Corporation, in its capacity as the duly appointed foreign representative of the above captioned debtors (the "**Debtors**"), in a voluntary restructuring proceeding (the "**Canadian Proceedings**") under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 (as amended, the "**CCAA**"), pending before the Ontario Superior Court of Justice Commercial List (the "**Canadian Court**"), initiated pursuant to the

---

[1] The Debtors in these chapter 15 proceedings, together with the last four digits of their business identification numbers are: Acerus Pharmaceuticals Corporation (6891); Acerus Biopharma Inc. (0687); Acerus Labs Inc. (0126); and Acerus Pharmaceuticals USA, LLC (9089). The location of the Debtors' headquarters and the Debtors' foreign representative is: 205-7025 Langer Drive, Mississauga, Ontario, Canada.

Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 (as amended, the "**CCAA**"), and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that venue is proper before this Court pursuant to 28 U.S.C. § 1410; and the Court having considered and reviewed the Chapter 15 Pleadings and having held a hearing to consider the relief requested in the Petitions for Recognition (the "**Hearing**"); and it appearing that timely notice of the filing of the Chapter 15 Pleadings and the Hearing has been given pursuant to the *Order (A) Scheduling Recognition Hearing and (B) Specifying Form and Manner of Service of Notice* and that no other or further notice need be provided; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

      **THIS COURT HEREBY FINDS AND DETERMINES THAT:**

      A.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

      B.      These cases were properly commenced pursuant to sections 1504, 1509 and 1515 of the title 11 of the United States Code (the "**Bankruptcy Code**").

      C.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

      D.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

E.      Venue is proper in this district pursuant to 28 U.S.C. § 1410.

F.      The Canadian Proceedings are "foreign proceedings" within the meaning of section 101(23) of the Bankruptcy Code.

G.      The Canadian Proceedings are pending in Canada, which is the country in which the Debtors have their center of main interests and, as such, the Canadian Proceedings are "foreign main proceedings" within the meaning of sections 1502(4) and 1517(b)(1) of the Bankruptcy Code and are entitled to recognition as foreign main proceedings in respect of each of the Debtors.

H.      The Foreign Representative, Acerus Pharmaceuticals Corporation, is a "person," as such term is defined in section 101(41) of the Bankruptcy Code, has been duly appointed by the Debtors and has been declared by the Canadian Court as authorized to act as the "foreign representative" with respect to the Canadian Proceedings within the meaning of section 101(24) of the Bankruptcy Code.

I.      The Petitions for Recognition meet all of the requirements set forth in section 1515 of the Bankruptcy Code and Bankruptcy Rules 1007(a)(4) and 2002(q).

J.      The Canadian Proceedings are entitled to recognition by the Court pursuant to section 1517(a) of the Bankruptcy Code and the Debtors have satisfied the eligibility requirements of section 109(a) of the Bankruptcy Code, as applicable.

K.      The Debtors and the Foreign Representative are entitled to all of the relief set forth in section 1520 of the Bankruptcy Code.

L.      Appropriate notice of the filing of, and the Hearing on, the Petitions for Recognition was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

M.      The relief granted hereby is necessary and appropriate, in the interests of the

public and of international comity, not inconsistent with the public policy of the United States, warranted pursuant to sections 105(a), 362, 363, 364, 365, 1507(a), 1509(b)(2)-(3), 1520, 1521, 1522 and 1525 of the Bankruptcy Code, and will not cause hardship to creditors of the Debtors or other parties in interests that is not outweighed by the benefits of granting that relief.

N.    The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Debtors and the interests of their creditors and other parties in interest.

O.    Absent the relief granted hereby, the Debtors and their directors and officers may be subject to the prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory actions or proceedings in connection with the Canadian Proceedings or otherwise against the Debtors and their directors and officers or their property, thereby interfering with and causing harm to, the Debtors, their creditors, and other parties in interest in the Canadian Proceedings and, as a result, the Debtors, their creditors and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law.

P.    Absent the requested relief, the efforts of the Debtors, the Canadian Court and the Foreign Representative in conducting the Canadian Proceedings and effecting their restructuring or sale process therein may be thwarted by the actions of certain creditors, a result that will obstruct the purposes of chapter 15 as reflected in section 1501(a) of the Bankruptcy Code.

Q.    Absent the requested relief, the Debtors would be unable to incur the undrawn balance of the DIP Facility (as defined in the DIP Facility Agreement) up to the Maximum Loan Amount (as defined in the DIP Facility Agreement).

R.    Each of the injunctions contained in this Order (i) is within the Court's

jurisdiction, (ii) is essential to the success of the Debtors' restructuring in the Canadian Proceedings, (iv) confers material benefits on, and is in the best interests of, the Debtors and their creditors, and (v) is important to the overall objectives of the Debtor' restructuring.

S.  The findings and determinations set forth in that certain *Order Granting Provisional Relief* [D.I. 25] (the "**Provisional Relief Order**"), including without limitation the findings and determinations pursuant to section 364(e) of the Bankruptcy Code, are confirmed on a final basis and incorporated by reference.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Petitions for Recognition and the Relief Requested are granted as set forth herein, and any objections thereto are overruled with prejudice.

2. The Canadian Proceedings are granted recognition with respect to each of the Debtors as foreign main proceedings (as defined in section 1502(4) of the Bankruptcy Code) pursuant to sections 1517(a) and (b)(1) of the Bankruptcy Code.

3. Acerus Pharmaceuticals Corporation is recognized as the "foreign representative" as defined in section 101(24) of the Bankruptcy Code in respect of the Canadian Proceedings.

4. The Debtors and the Foreign Representative are granted all of the relief set forth in section 1520 of the Bankruptcy Code including, without limitation, the application of the protection afforded by the automatic stay under section 362(a) of the Bankruptcy Code to the Debtors and to the Debtors' property that is now within or in the future is located within the territorial jurisdiction of the United States.

5. Any and all Provisional Relief (as defined in the Provisional Relief Motion) not granted in the Provisional Relief Order, if any, is hereby granted pursuant to section 1521(a)(7)

of the Bankruptcy Code.

6. The Foreign Representative is authorized to operate the business of the Debtors that is the subject of the Canadian Proceedings and exercise the powers of a trustee to the extent provided by 11 U.S.C. § 1520(a)(3).

7. The Initial Order or the Amended and Restated Initial Order (to the extent it supersedes the Initial Order), including any and all existing and future extensions, amendments, restatements, and/or supplements authorized by the Canadian Court, are hereby given full force and effect, on a final basis, with respect to the Debtors and the Debtors' property that now or in the future is located within the territorial jurisdiction of the United States.

8. Pursuant to 11 U.S.C. § 1521(a)(1)-(3), all persons and entities, other than the Foreign Representative and his representatives and agents, are hereby enjoined (to the extent they have not been stayed under section 1520(a)) from:

    a. execution against any of the Debtors' and their directors and officers (the "Protected Parties") assets;

    b. the commencement or continuation, including the issuance or employment of process, of a judicial, quasi-judicial, administrative, regulatory, arbitral, or other action or proceeding, or to recover a claim, including, without limitation, any and all unpaid judgments, settlements or otherwise against the Debtors and other Protected Parties, which in either case is in any way related to, or would interfere with, the administration of the Debtors' estates in the Canadian Proceedings;

    c. taking or continuing any act to create, perfect or enforce a lien or other security interest, setoff or other claim against the Debtors or other Protected Parties or any of their property or proceeds thereof;

    d. transferring, relinquishing or disposing of any property of the Debtors to any person or entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative;

    e. commencing or continuing an individual action or proceeding concerning the Debtors' or other Protected Parties' assets, rights, obligations or liabilities; and

   f. declaring or considering the filing of the Canadian Proceedings or these chapter 15 cases a default or event of default under any agreement, contract or arrangement;

provided, in each case, that such injunctions shall be effective solely within the territorial jurisdiction of the United States; and provided further that nothing herein shall: (x) prevent any entity from filing any claims against the Debtors in the Canadian Proceedings or (y) prevent any entity from seeking relief from the Canadian Court in the Canadian Proceedings or this Court in these Chapter 15 Cases, as applicable, for relief from the injunctions contained in the Order.

  9. Pursuant to 11 U.S.C. §§ 1521(a)(5) and 1521(b), the administration, realization, and distribution of the Debtors' assets within the territorial jurisdiction of the United States is entrusted to the Foreign Representative and the Foreign Representative is hereby established as the exclusive representative of the Debtors in the United States.

  10. Pursuant to 11 U.S.C. §§ 1521(a)(6) of the Bankruptcy Code , all prior relief granted to the Debtors, the Foreign Representative, and the DIP Lender by this Court pursuant to the Provisional Relief Order shall be extended and shall remain in full force and effect, on a final basis.

  11. The Debtors are authorized to incur, as needed, the undrawn balance of the DIP Facility (as defined in the DIP Facility Agreement) up to the Maximum Loan Amount (as defined in the DIP Facility Agreement), and any such additional advances made in accordance with the DIP Facility Agreement shall be secured by the DIP Lender's Charge.  Any such additional advances shall be deemed to have been made in "good faith" as contemplated by section 364(e) of the Bankruptcy Code.

  12. The Foreign Representative, the Debtors and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of

this Court.

13. No action taken by the Foreign Representative, the Debtors, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Canadian Proceedings, this order, these chapter 15 cases, or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the rights or benefits afforded such persons under sections 306 and 1510 of the Bankruptcy Code.

14. Notwithstanding any provision in the Bankruptcy Rules to the contrary, including, but not limited to, Bankruptcy Rules 7062 and 1018, (i) this Order shall be effective immediately and enforceable upon its entry; (ii) the Foreign Representative and the DIP Lender are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Foreign Representative and the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

15. A copy of this Order shall be served (i) within five business days of entry of this order, by electronic mail to the extent email addresses are available and otherwise by U.S. mail, overnight or first-class postage prepaid, upon the Notice Parties (as defined in the *Motion for Order (A) Scheduling Hearing on Recognition of Chapter 15 Petitions and (B) Specifying Form and Manner of Service of Notice*) and such other entities as the Court may direct. Such service shall be good and sufficient service and adequate notice for all purposes.

16. The Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any request for additional relief and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within

the jurisdiction of the Court.

17. This Order shall be effective and enforceable immediately upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

Dated: February 27th, 2023  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE